■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ARNAU, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered August 1, 1979 as amended August 5, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of a motion to suppress certain physical evidence (Eiber, J.). Judgment, as amended, reversed, on the law, motion to suppress granted and case remitted to Criminal Term for further proceedings. Following a sale of a substance, thought to be cocaine, by defendant to an undercover officer in defendant's home on June 21, 1977, the police decided to enter the apartment, arrest defendant and "secure" the premises before obtaining a search warrant. At the suppression hearing, a police officer testified that this decision to proceed without a warrant was made because they knew that a quantity of cocaine was on the premises, and they did not often have an opportunity to seize such a quantity. On appeal, the People specifically argue that no "exigent circumstances" were created by fear that the contraband was on the verge of

destruction or removal, but rather it is claimed that exigent circumstances were created by the fact that additional narcotics could have been sold in the time it would have taken to obtain a warrant. Such a contention cannot stand. This is not a situation where the police had knowledge that the contraband supply was in fact being depleted rapidly (see *People v Vacarro,* 39 NY2d 468), and the mere fact that the contraband is of a type that can be easily disposed of, cannot, in and of itself, create an exigency (*People v Knapp,* 52 NY2d 689). If such were the case, the protections of the Fourth Amendment and of section 12 of article I of the New York Constitution would effectively be destroyed. While it is true that probable cause existed to arrest defendant, the real objective of the police in entering the private residence was not to effect an arrest, but to "secure" an apartment without benefit of a warrant (see *People.v Salazar,* 83 Misc 2d 922). Absent the exception of "exigent circumstances", which are carefully defined, the police may not enter a home without a warrant merely because they have probable cause to believe that there is evidence of a crime contained therein (*Johnson v United States,* 333 US 10; *McDonald v United States,* 335 US 451; *United States v Levine,* 500 F Supp 777; *People v Knapp, supra*). Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.